Porter, J.
delivered the opinion of the court. This appeal is taken from a decision of the court of probates, rejecting several charges in the account of the defendant, executor of the last will and testament of Sebastian Ferrer, deceased.
*235 East’n District.
April, 1822.
action brought and continued! <⅛ ..
Nor for a suit brought by the uncertain event, proved*that"⅛ was a soundex-5 erase ofthe dis-him.
Our attention is first called to a credit claimed by the execjutor of $2399 and 75 cents — a payment, as he alleges, made to one Boisdorée, for improvements and repairs a house of the testator. In support of this , . i • j • i i t» • charge he produces a receipt signed by Jdois-dorée, which literally translated, runs thus:— “ I acknowlege to have received from Mr. Josh. Bofil, for account of Mr. Sebastian Fer-rer, the sum of,” &c. &c.
In opposition to this demand, the plaintiff and appellee offers the evidence of a free wo-pi ,, , ~ , , man ot colour, called Catherine, who proves that the money for which the receipt was taken, belonged to the testator. And he also - i . -, , , , urges many reasons why the claim should be rejected: the easy circumstances of berrer, which rendered it unnecessary to accept of advances of this kind: the great improbability that Bofil should pay for repairs on his house, and never call on him during his life for the money: — and lastly, presents an argument drawn from the language used in the instrument produced, urging that when a man pays money for another the receipt taken to evidence it, is worded differently, and in French runs thus—çecu des mains cl deniers de......pour compte de, &c. &c.
*236 The appellant replies, that the woman of colour was a slave, and incompetent, and if not i!iCompetent, her evidence is so contradictory that no credit can be given to it. He shews that the repairs were necessary and useful — -proves that he made the contract with Boisdorée, and paid him — exhibits the testament of Ferrer, and from the enumeration there made of his property, argues that he had not funds to pay the workmen; and finally insists, that, as at the time this receipt was given, he was instituted Ferrer’s heir, it is not at all improbable that he should make advances for the improvement of property he imagined would be one day his own.
We wave the question as to the competence of Catherine, on the ground of her not having attained the age of thirty years when the act of emancipation was passed, it is one of too much importance to be settled where it is not necessary to a decision of the cause. Admitting that she was a legal witness, the objection goes strongly to her credit, even if her story was consistent. 10 Johnson, 132. The evidence however given by her contains contradictions so direct and palpable, that it is impossible we can put faith in her decía* tions.
*237 The testimony of this witness left out of . , view, the other matters pressed on us amount to nothing more than mere conjectures, which, in number and weight, appear to be pretty equally balanced. Recourse must therefore be had to the receipt itself, and in our opinion, the expressions used in it, (coupled with the testimony of Roisdorée, that he contracted with Bofil, and was paid by him) are sufficient to throw the burthen of proof on the heir, that the payment was made out of the funds of the ancestor.
We agree with the parish judge in opinion respecting all the other items of the account.
The charge of counsel’s fee, for defending the executor against the suit of the heir, calling on him to surrender the property in his hands belonging to the succession, cannot be admitted. The action was not commenced until after a year had elapsed from the date of his appointment; his authority of course had expired. If the appellant felt any doubt as to the character of the person claiming the estate, he should have rendered his account to the court of probates, contradictorily with the attorney for the absent heirs, and surrendered the property to the curator appointed to receive it.
*238 The suJt brought, alleging fraud, and after-wards discontinued, cannot be distinguished from unfounded actions that are of every day’® occurence in our courts, and that are abandoned as soon as caprice, or a want of evidence induces the plaintiff to pursue that course; whether the action complained of here was such a one as would furnish ground for damages, cannot be examined in this suit; nor can the expences incurred in it be set-off against the demand now made on the executor to surrender the property of the succession entrusted to his care.
The fee paid, for instituting suit to have the settlement between Ferrer and his former partner annulled, must also be rejected. When money is given by an executor, on a quite uncertain event, he should shew that the interests of the succession required it, or at least make out a strong case, to induce a belief they did; and that, under all circumstances, it was a sound exercise of the discretion vested in him. This he has not done. On the contrary, from what appears on record, there is every probability he could not have succeeded in the action commenced. He might well have waited to consult the heir, or his agent *239 before he took so important a step; more par-1 i •, ticularly as'his authority of executor had expired at the time he made this disposition of the money entrusted to him.
Moreau for the plaintiff, Livingston for the defendant.
It is therefore ordered, adjudged and decreed, that the judgment of the court of probates be reversed, that the appellant, Bosil, do recover of the estate of Sebastian Ferrer, $1432 96 cents, with costs of this court and the court below.